IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| DEUTSCHE NATIONAL BANK TRUST COMPANY | ) | |
| Plaintiff, | ) | 1:07cv683 (JCC) |
| v. | ) | |
| BABAK A. BATMANGHELIDJ, et al. | ) | |
| Defendants. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant KFH Investments, LLC's Motion to Dismiss for failure to state a claim upon which relief may be granted, and Defendant United States' Motion for Judgment on the Pleadings. For the reasons stated below, the Court will grant Defendants' Motions.

**I. Background**

On November 8, 2005, in exchange for a loan in the amount of $990,000, Defendant Babak A. Batmanghelidj ("Babak") executed a note ("the Note") for $990,000 in favor of NationPoint, secured by a deed of trust ("the Deed of Trust") on real property known as 9121 Mill Pond Valley Drive, McLean, Virginia, 22102 ("the property"). Although the Deed of Trust was granted by both Babak and his wife, Leily Batmanghelidj ("Leily"), it was signed only by Babak. The property in question was transferred by Leily, as sole owner, to Babak and Leily, husband and wife, as a joint tenancy with a right of survivorship

on November 8, 2005.

From the loan proceeds, $797,925.91 was distributed to third parties, including: $564.388.00 to satisfy the deed of trust on the property recorded November 25, 1998, executed by Leily; $154,745.08 to satisfy the deed of trust on the property recorded January 31, 2005, executed by Babak and Leily; $37,427.00 to satisfy the deed of trust on the property recorded July 21, 2005, executed by Leily; $5,886.83 in payment state property taxes owed; and $35,479.00 in payment of an auto loan which was not secured by property. The remaining $185,872.92 was disbursed to the debtor, Babak. Defendant KFH Investments, LLC ("KFH") had a judgment lien, recorded and docketed on January 26, 2005, in the amount of $33,333.33 plus interest, which was not paid out of the loan proceeds even though it was recorded prior in time and had priority over two of the deeds of trust that were paid. Defendant United States Internal Revenue Service ("United States") had two previously recorded Notices of Federal Tax Liens which were also not paid, nor was an additional prior-in-time judgment lien.[1] On January 26, 2006, NationPoint assigned the Deed of Trust to Deutsche Bank.

Plaintiff Deutsche Bank filed an action in the Circuit Court of Fairfax County on June 13, 2007, which was removed to

---

[1]Held by Defendant Watkins Motor Lines, Inc., a party to the case but not involved in these proceedings.

this Court by the United States pursuant to 28 U.S.C. § 1444. Plaintiff is seeking a determination that its $990,000 Deed of Trust maintains priority over the two judgments and two IRS liens recorded prior to the deed. Deutsche Bank is asking this Court to equitably subrogate its Deed of Trust to the original position of the first deed of trust on the property. On July 23, 2007, Defendant KFH filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. On August 8, 2007, Defendant United States filed a Motion for Judgment on the Pleadings. These Motions are currently before the Court.

## II. Standard of Review

A party may move for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), "any time after the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). Judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party, fail to state any cognizable claim for relief, and the matter can, therefore, be decided as a matter of law. *O'Ryan v. Dehler Mfg. Co.*, 99 F. Supp. 2d 714, 718 (E.D. Va. 2000) (citing *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 329 (4th Cir. 1997)). In deciding a Rule 12(c) motion, the Court applies the standard for a Rule 12(b)(6) motion. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244; *see also De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted" *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)(citations omitted), with the Court accepting "all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards,* 178 F.3d at 244. In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

## III. Analysis

This Court will first address the statutory schemes the Defendants argue apply to each of their situations, and then will address the equitable subrogation arguments that are applicable to the Defendants. Because the same standard of review applies to both Motions and they involve the same factual situation, this Court will consider them together.

In its Opposition to Defendant KFH's Motion to Dismiss, Deutsche Bank raises for the first time the argument that KFH does not have a lien against the property and thus lacks standing to dispute lien priority. The standard of review in motion to dismiss cases requires the Court to view all facts in the light most favorable to the non-moving party, but that does not include allegations not made in the original complaint. Instead, in accordance with well-settled law, the Court will "accept[] all well-pleaded allegations in the plaintiff's *complaint* as true, and draw[] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards*, 178 F.3d at 244 (4th Cir. 1999)(emphasis added). Plaintiff cannot now add allegations that did not appear in the complaint. In the complaint, Plaintiff lists both the United States and KFH as parties with "liens and judgments against the Property" in Paragraph 11, and again states that the judgment in favor of KFH and two IRS liens "encumbered the property" in Paragraph 21. This Court will follow the law in accepting the allegations in Plaintiff's complaint, and will for that reason not consider contradictory assertions as to the true ownership of the property made in an opposition brief.

A) <u>Virginia Refinance Law</u>

Virginia Code §55-58.3 provides the circumstances for which "a subordinate mortgage shall retain the same subordinate position with respect to a refinance mortgage as the subordinate

mortgage had with the prior mortgage." *Id.* In order for the refinanced mortgage to maintain the position of the prior mortgage, the Code requires: that certain language to be in bold on the first page of the refinance mortgage; that the principal amount of the refinanced mortgage cannot "exceed the outstanding principal balance secured by the prior mortgage plus $5,000;" and that the interest rate of the refinanced mortgage may not exceed that of the prior mortgage. *Id.* The Code defines "refinance mortgage" as "the mortgage, deed of trust or other instrument creating a security interest in real estate given to secure a refinancing," and "refinancing" as "the replacement of a loan secured by a prior mortgage with a new loan secured by a mortgage, deed of trust or other instrument and the payment in full of the debt owed under the original loan secured by the prior mortgage." *Id.*

Under Virginia law,

> a statutory change in the common law is limited to that which is expressly stated in the statute or necessarily implied by its language because there is a presumption that no change was intended. When an enactment does not encompass the entire subject covered by the common law, it abrogates the common-law rule only to the extent that its terms are directly and irreconcilably opposed to the rule.

*Isbell v. Commercial Inv. Assocs.*, 644 S.E.2d 72, 75 (Va. 2007) (internal quotations omitted). Therefore, this provision of the Virginia code will be presumed to preempt the common law of

equitable subrogation only insofar as the clear language of the statute implies.

Plaintiff argues that the statute regarding refinancing is inapplicable to its subrogation claims because the loan documents were not obviously refinancing documents. This Court finds that the Deed of Trust paid "the debt owned under the original loan secured by the prior mortgage" in accord with Virginia Code §55-58.3. In addition, Deutsche Bank attempts to demonstrate that the Deed of Trust replaced the loan secured by a prior mortgage and thus should retain the first loan priority of that prior mortgage. *See* Pl.'s Opp'n. to Def.'s Mot. Dismiss, 7. For those reasons, Section 55-58.3 of the Virginia Code is applicable to the Deed of Trust. Because the Deed of Trust does not contain the required language in bold on the front of the document, and exceeds the prior mortgage by more than $5,000, this Court finds that the statute does not entitle Plaintiff's Deed of Trust to retain the position of the prior mortgage as regards to liens which were subordinate to the prior mortgage.

However, because the statute does not encompass the entire doctrine of common law equitable subrogation in Virginia, the Court will also consider that doctrines' applicability to this case.

B) <u>Federal Tax Liens</u>

Plaintiff argues that factual determinations

establishing lien priority are not appropriate for a Rule 12(c) motion on the pleadings. They are correct in their assertion that the only outstanding issues should be questions of law, but there is no disagreement between these parties as to any material fact. This Court will evaluate Defendant United States' argument regarding the applicability of subrogation to the Deed of Trust, accepting as true all facts as stated by Plaintiff in the complaint.

Plaintiff alleged in the Complaint that the IRS tax liens encumbered the property as of November 8, 2005, when the Deed of Trust was executed. Later Deutsche Bank alleges, in its Response to Defendant's Motion, that the Batmanghelidjs never consented to partition the property, held as tenants in the entirety, making Babak's ownership in the property undetermined. This Court will accept the allegations made in Plaintiff's complaint as true for the purposes of this Motion to Dismiss. However, even if this Court assumes that the tax liens did not encumber the property until November 8, an assumption involving a construal of facts beyond those specifically alleged in the complaint,[2] the tax liens attached to Babak's interest in the property owned by his wife and are still senior to the Deed of

[2] Plaintiff alleges in the complaint that the IRS tax liens were recorded in August 2002 and August 2005, and encumbered the property at the time the Deed of Trust was issued. Compl. ¶¶ 11, 21. Although Plaintiff describes the Warranty Deed conveying an interest in the property to Babak, Compl. ¶ 14, but first argues that the liens failed to attach until November 8, 2005 in its Opposition to Defendant KFH's Motion.

Trust.

The Supreme Court has held that a spouse's "interest in the entireties property constituted 'property' or 'rights to property' for the purposes of the federal tax lien statute" and thus that a tax lien would attach to that interest. *United States v. Craft*, 535 U.S. 274, 287-88 (U.S. 2002). Therefore, the tax liens attached to Babak's interest in the property he owned with his wife upon his acquisition of that interest on November 8, 2005, and were thus attached when the Deed of Trust was issued. *See United States by & Through IRS v. McDermott*, 507 U.S. 447, 453 (U.S. 1993); G*lass City Bank v. United States*, 326 U.S. 265 (U.S. 1945). By Federal statute, priority for Federal tax liens is established by the common-law principle of “first in time, first in right,” absent a provision to the contrary. *McDermott,* 507 U.S. at 452; *see also United States v. City of New Britain*, 347 U.S. 81 (U.S. 1954). The tax liens are still senior to the Deed of Trust and Plaintiff would have no right to subrogation based on Babak’s indeterminate interest in the property, even were the disputed ownership to have been properly alleged in the complaint.

C) <u>Equitable Subrogation</u>

In addition to finding that there should be no subrogation under the applicable statutory regimes, the Court will analyze the equitable subrogation doctrine as it applies to

the areas of argument not covered by statute. Under Virginia law, equitable subrogation has broad application and is fact specific, with no bright-line rule. *Centreville Car Care, Inc. v. N. Am. Mortg. Co.*, 559 S.E.2d 870, 872 (Va. 2002). However, the Virginia Supreme Court has laid out "several principles or guidelines [which] are uniformly established in our cases that assist in the proper analysis of such claims. First, subrogation is not appropriate where intervening equities are prejudiced. Second, ordinary negligence of the subrogee does not bar the application of subrogation where an examination of the facts ... shows that the equities *strongly favor* the subrogee." Id. (internal quotations omitted, emphasis in original).

KFH was junior in time only to the first deed of trust, dated November 25, 1998. Deutsche Bank paid back several loans junior to KFH's, included those not secured by the property, and afforded Babak a windfall in the form of payment that should ordinarily have been used to remove other liens, including KFH's. The windfall to Babak, especially in addition to the payment of other non-secured debt and junior liens, is a strong argument that any amount of subrogation in this case would not be equitable. In addition, were the entire Deutsche Bank lien to be given primary placement, the IRS liens would be junior to an amount over $200,000 greater than it was before the Deed of Trust was executed, and KFH to an amount over $425,000 greater. In a

similar case, the Virginia Supreme Court emphasized that subrogation is inappropriate when it would put other liens in a position worse than they would be otherwise. *Centreville,* 263 Va. at 347-48. As was the plaintiff in that action, Defendants KFH and the United States are "innocent part[ies] who would be prejudiced if subrogation were granted," making subrogation inequitable and inappropriate. *Id.*

Under Virginia law, it is clear that the KFH and United States liens would be prejudiced if the Deed of Trust were given primary placement. Additionally, there is no indication that the equities *strongly favor* the subrogee to the extent that Virginia law would allow a partial subrogation. Although the doctrine is admittedly flexible and fact-specific, the Virginia Supreme Court has laid out uniform guidelines. Deutsche Bank argues that, even if the entire lien is not subrogated, it should at least stand in the lien priority for the liens which it satisfied that were senior in time to Defendants (in the amount of $564,388.00 as to KFH and a total of $797,925.91 as to United States, based on when the liens were recorded.) Plaintiff does not cite any statutory or case authority for its claim of partial subrogation, relying only on concepts of equity.

The Virginia doctrine of equitable subrogation is intended to apply in the “instance in which one person, not acting voluntarily, pays a debt for which another is primarily

liable, and which in equity and good conscience should have been discharged by the latter.” *Federal Land Bank v. Joynes*, 18 S.E.2d 917, 920 (Va. 1942) (quoting 25 R.C.L. 1322, 1323). In this case, subrogation of Deutsche Bank's lien would leave KFH and the United States holding responsibility for a debt for which they are not responsible, an inequitable result. There is no reading of the facts which suggests that Deutsch Bank deserves equitable relief from KFH or the United States.

Additionally, any amount of subrogation would reward Deutsche Bank's failure, or the failure of its predecessor in interest, to discover the recorded liens upon execution of the Deed in Trust. That failure may give Plaintiff a right of recovery against its predecessor in interest, the title insurance company, or the Batmanghelidjs, but does not give it a right of precedence over the liens it did not discover. Under Virginia law, negligence does not in itself bar subrogation, provided there are other strong equitable reasons for awarding it. *See Federal Land Bank of Baltimore v. Joynes*, 179 Va. 394, 18 S.E.2d 917 (1942). However, rewarding Deutsche Bank for the mistake by giving it primary placement for the full amount would result in an inequity not countenanced by Virginia law. *Centreville,* 559 S.E.2d at 873-74. Even partial subrogation is not warranted, because the negligent failure to discover the recorded liens is not countered by equitable reasons weighing in favor of

subrogation under Virginia law.

Even viewing the facts in the light most favorable to Plaintiff Deutsche Bank, the party has failed to state a claim against either KFH or the United States upon which it would be entitled to the relief it seeks.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendant KFH's Motion to Dismiss Defendant United State's Motion for Judgment on the Pleadings.

An appropriate order will issue.

September 17, 2007
Alexandria, Virginia

/s/
James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE