```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

DEUTSCHE NATIONAL BANK           )
TRUST COMPANY                    )
                                 )
        Plaintiff,               )
                                 )           1:07cv683 (JCC)
        v.                       )
                                 )
BABAK A. BATMANGHELIDJ, et al.   )
                                 )
        Defendants.              )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Deutsche Bank National Trust Company's Motion to Alter or Amend Judgment Entered on September 17, 2007 and Motion to Amend the Complaint. For the reasons stated below, the Court will grant Plaintiff's Motions in part and deny them in part.

**I. Background**

On November 8, 2005, in exchange for a loan in the amount of $990,000, Defendant Babak A. Batmanghelidj ("Mr. Batmanghelidj") executed a note ("the Note") for $990,000 in favor of NationPoint, secured by a deed of trust ("the Deed of Trust") on real property known as 9121 Mill Pond Valley Drive, McLean, Virginia, 22102 ("the Property"). Although the Deed of Trust was granted by both Mr. Batmanghelidj and his wife, Leily Batmanghelidj ("Mrs. Batmanghelidj"), it was signed only by Mr.

1

Batmanghelidj.  The property in question was transferred by Mrs. Batmanghelidj, as sole owner, to Mr. Batmanghelidj and Mrs. Batmanghelidj, husband and wife, as a joint tenancy with a right of survivorship on November 8, 2005.

From the loan proceeds, $797,925.91 was distributed to third parties, including: $564.388.00 to satisfy the deed of trust on the property recorded November 25, 1998, executed by Mrs. Batmanghelidj; $154,745.08 to satisfy the deed of trust on the property recorded January 31, 2005, executed by Mr. Batmanghelidj and Mrs. Batmanghelidj; $37,427.00 to satisfy the deed of trust on the property recorded July 21, 2005, executed by Mrs. Batmanghelidj; $5,886.83 in payment for state property taxes owed; and $35,479.00 in payment of an auto loan which was not secured by property.  The remaining $185,872.92 was disbursed to the debtor, Mr. Batmanghelidj.  Defendant KFH Investments, LLC ("KFH") had a judgment lien, recorded and docketed on January 26, 2005, in the amount of $33,333.33 plus interest, which was not paid out of the loan proceeds even though it was recorded prior in time and had priority over two of the deeds of trust that were paid.  Defendant United States Internal Revenue Service ("United States") had two previously recorded Notices of Federal Tax Liens which were also not paid, nor was an additional prior-in-time

judgment lien.[1] On January 26, 2006, NationPoint assigned the Deed of Trust to Deutsche Bank.

Plaintiff Deutsche Bank filed an action in the Circuit Court of Fairfax County on June 13, 2007, which was removed to this Court by the United States pursuant to 28 U.S.C. § 1444. Deutsche Bank sought a determination that its $990,000 Deed of Trust maintains priority over the two judgments and two IRS liens recorded prior to the deed, and initially asked the Court to equitably subrogate its Deed of Trust to the original position of the first deed of trust on the property. On July 23, 2007, Defendant KFH filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. On August 8, 2007, Defendant United States filed a Motion for Judgment on the Pleadings. Both motions were granted on September 17, 2007. On September 27, Plaintiff filed a Motion to Alter or Amend Judgment Entered on September 17, 2007 and a Motion to Amend the Complaint. These Motions are currently before the Court.

## II. Standard of Review

A) Rule 59(e)

In situations where a court is requested to amend a judgment, the Fourth Circuit has made it clear that "[a] district court has the discretion to grant a Rule 59(e) motion only in

---

[1] Held by Defendant Watkins Motor Lines, Inc., a party to the case but not involved in these proceedings.

very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002)(quoting *Collison v. International Chemical Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994))(internal quotations omitted). A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motions should not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Rather, the purpose of Rule 59(e) motion is to allow "a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Id.* (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). The grant of a motion to reconsider is reviewed for abuse of discretion. *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989).

    B) <u>Rule 15(a)</u>

        A party may amend its complaint after a responsive pleading has been served "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Rule 15

4

of the Federal Rules of Civil Procedure directs that "leave shall be freely given when justice so requires." *Id.* The liberality of the rule "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). Therefore, "leave to amend a pleading should be denied '*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). A post-judgment motion to amend is evaluated under the same standard as if it were filed before judgment; however, a grant of a post-judgment Rule 15(a) motion can only be granted in concurrence with a Rule 59(e) or 60(b) motion. *Laber*, 438 F.3d at 427.

### III. Analysis

A) <u>Amend Judgment</u>

In applying Rule 59(e), there "are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co.*, 148 F.3d at 403. There is no new evidence in this matter and there has been no

change in controlling law since the motions were decided. Therefore, the only grounds for granting this Motion to amend judgment is if it will "correct a clear error of law or prevent manifest injustice." *Id.*

      1) <u>Defendant KFH</u>

Plaintiff asserts that the Court erred in granting Defendant KFH's Motion to Dismiss because the question of whether Defendant KFH had a lien against the property was a question of material fact that could not be properly decided on a Rule 12(b)(6) motion. Plaintiff argues that "[u]nder the law of Virginia, neither spouse can sever an estate by the entirety by themselves but only as a joint conveyance, citing case law to support its proposition that "a judgment against one spouse is not a lien against the property held jointly as tenants by the entirety." Pl.'s Mot. to Alter or Amend J. at 4.  However, Defendant KFH argues that under Virginia law the judgment lien attaches to the property.  Def. KFH's Opp. to Pl.'s Mot. to Alter or Amend J. at 4.  The Court never reached this question of law in the initial Motion because it was bound to consider only the facts as alleged in the Complaint.  In the Complaint, Plaintiff identified Defendant KFH as having a lien which burdened the property.  Accepting that fact as true, Plaintiff failed to state any grounds for relief.

Defendant KFH does not dispute that, as alleged in the

Amended Complaint, "if the Property was transferred to Mr. And Mrs. Batmanghelidj as tenants by the entirety, . . . KFH's judgment lien did not, in the absence of consent of the owners, attach to the Property." *Id.* at 4. If the Amended Complaint is taken as true, and the Court assumes that Defendant KFH's lien did not attach to the Property, then a Judgment granting Defendant KFH's Motion to Dismiss would be improper and unjust. Therefore, if the Court finds that Plaintiff's Motion to Amend the Complaint should be granted, Plaintiff's Motion to Alter or Amend the Judgment as to Defendant KFH's Motion to Dismiss should be granted as well.

2) <u>Defendant United States</u>

Plaintiff asserts that the Court erred in granting Defendant United State's Motion for Judgment on the Pleadings since the Property is held by the Batmanghelidjs as joint tenants with right of survivorship, making the question of priority of tax liens on the Property "a fact-specific determination which cannot appropriately be determined by the Court in granting a Rule 12(c) motion for judgment on the pleadings." Pl.'s Mot. to Alter at 7. Plaintiff restates the same arguments made in its original response to Defendant United States Motion in an attempt to get "a second bite of the apple." *Hanover Ins. Co. v. Corrpro Cos.*, 221 F.R.D. 458, 460 (E.D. Va. 2004). However, "Rule 59(e) does not provide a party with a mechanism to just keep filing

motions with new theories until it gets it right." *Id.*  The Court considered Plaintiff's arguments when they were first before it, and has not changed its judgment that the question of lien priority is one of law and therefore can be properly considered on a Rule 12(c) motion.  This Court does not believe that it misunderstood or misapplied the doctrine of equitable subrogation, nor that its decision regarding the priority of Plaintiff's liens as to those of the United States was in clear error or constituted a manifested injustice.  Plaintiff's Motion to Amend or Alter the Judgment as to Defendant United States' Motion for Judgment on the Pleadings will be denied.

**B) Motion to Amend the Complaint**

The Fourth Circuit directs trial courts to construe Rule 15(a) liberally in order to give plaintiffs the opportunity to cure defects in their pleadings, so that cases are resolved on the merits.  *Laber*, 438 F.3d at 427.  Therefore, Plaintiff's Motion to Amend the Complaint can be denied only if Plaintiff acted in bad faith, the amendment would prejudice the Defendants, or the amendment would be futile.  *Id.*

Plaintiff did not act in bad faith in filing this motion or in failing to include the amended allegations in the original complaint.  Because the trial date is far off and no discovery has been taken, the Court finds that allowing leave to amend the complaint would not be unduly prejudicial to

Defendants.  Therefore, the critical question in this matter is whether allowing the amendment would be futile.  If the proposed amendment is futile, the motion to amend should be denied.  *Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962); *Johnson,* 785 F.2d at 509.

    1) <u>Defendant KFH</u>

Defendant KFH argues that the amendment would be futile as to Plaintiff's claims regarding KFH's interest.  In particular, Defendant argues that the first change identified, "the allegation that KFH does not have an interest that attaches to the Property," would not change the outcome of the Motion to Dismiss because the allegation "relates only to whether KFH has standing to oppose the Plaintiff's request for equitable subrogation and has no bearing on whether the Plaintiff is actually entitled to equitable subrogation."  Def. KFH's Opp'n. to Pl.'s Mot. to Amend Compl. at 3.

However, with Plaintiff's requested amendment, there is a material dispute as to whether the judgment that Defendant KFH obtained against Mr. Batmanghelidj attaches as a lien to the property.  If Defendant KFH does not have standing to oppose Plaintiff's request for subrogation, then this Court would not be able to grant its Motion to Dismiss on the grounds stated in the Memorandum Opinion of September 17, 2007.  The Amended Complaint, at the very least, removes the grounds on which the Court granted

Defendant KFH's Motion to Dismiss: that the original Complaint identified KFH as a party with a lien or judgment encumbering the property. If KFH does not have a lien on the property, or if that lien attached at a date other than that specified in the Complaint, the premises on which the Court relied in its September 17, 2007 Memorandum Opinion are no longer reliable. Therefore, an amendment of the Complaint as to Defendant KFH is not futile and should be granted.

The Court "may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b)." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). The Court has found both that the proposed amendment would not be futile as to Defendant KFH, and that it is appropriate to vacate the Court's decision granting Defendant KFH's Motion to Dismiss under Rule 59(e) so that the status of Defendant KFH's judgment and whether it attached as a lien against the Property can be properly determined. Therefore, the Court will grant Plaintiff's Motion to Amend or Alter the Judgment under Rule 59(e) and its Motion to Amend the Complaint under Rule 15(a).

    2) <u>Defendant United States</u>

Defendant United States argues that the proposed amendments to the Complaint would not have any effect on the outcome of its Motion for Judgment on the Pleadings. As this

Court stated in its Memorandum Opinion of September 17, 2007:

> By Federal statute, priority for Federal tax liens is established by the common-law principle of "first in time, first in right," absent a provision to the contrary. *McDermott,* 507 U.S. at 452; *see also United States v. City of New Britain*, 347 U.S. 81 (U.S. 1954). The tax liens are still senior to the Deed of Trust and Plaintiff would have no right to subrogation based on Babak's indeterminate interest in the property, even were the disputed ownership to have been properly alleged in the complaint.

*Id.* at 9. Plaintiff does not set forth any new claims or allegations that change the status of its Deed of Trust with regard to the tax liens. The proposed amendment would be futile as to providing Plaintiff with any further remedy against the United States. Therefore, granting leave to amend the Complaint as to Defendant United States is not appropriate.

The Motion for Leave to Amend the Complaint was not done in bad faith, and granting leave to amend the complaint would not be prejudicial to Defendants. It would, however, be futile as to Defendant United States. Therefore, leave to amend the Complaint will be granted as to Defendant KFH but denied as to Defendant United States.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Amend the Complaint will be GRANTED as to Defendant KFH and DENIED as to Defendant United States, and Plaintiff's Motion to Alter or Amend Judgment Entered on September 17, 2007 will be GRANTED as

to Defendant KFH's Motion to Dismiss and DENIED as to Defendant United States' Motion for Judgment on the Pleadings.

    An appropriate order will issue.


November 19, 2007                      /s/
Alexandria, Virginia           James C. Cacheris
                             UNITED STATES DISTRICT COURT JUDGE